Nos. 23-3124 & 23-3243
No. 23-16224
No. 23-55821

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

Nos. 23-3124 & 23-3243

CHERI POE, On Behalf of Herself and
All Others Similarly Situated,

*Plaintiff-Appellant/Cross-Appellee*,

v.

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

*Defendant-Appellee/Cross-Appellant*.
_____

No. 23-16224

DEANA FARLEY,

*Plaintiff-Appellee*,

v.

LINCOLN BENEFIT LIFE COMPANY,

*Defendant-Appellant*.
_____

No. 23-55821

LAWANDA D. SMALL, *Individually, and on Behalf of the Class; Class Representative*

*Plaintiff-Appellee,*

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota Corporation,

*Defendant-Appellant.*
_____

On Appeal from the United States District Court
Central District of California, Western Division
The Honorable Sherilyn Peace Garnett
D.C. No. 8:21-cv-02065-SPG-E
_____

# APPELLANT CHERI POE'S MOTION TO RELATE APPEALS FOR ORAL ARGUMENT
_____

| | |
|---|---|
| Steve W. Berman | Christopher R. Pitoun |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Abigail D. Pershing |
| 1301 Second Avenue, Suite 2000 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| Seattle, WA 98101 | 301 N. Lake Avenue, Suite 920 |
| Telephone: (206) 623-7292 | Pasadena, CA 91101 |
| steve@hbsslaw.com | Telephone: (213) 330-7150 |
| | christopherp@hbsslaw.com |
| | abigailp@hbsslaw.com |

*Counsel for Plaintiff-Appellant/Cross-Appellee Cheri Poe*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND REQUEST ............................................................. 1

II. BACKGROUND ........................................................................................... 1

III. ARGUMENT ................................................................................................ 4

    A. Related class certification appeals are well suited for oral argument on the same calendar ............................................. 4

    B. Additional factors support treating *Poe*, *Farley* and *Small* as related for oral argument and decision ........................ 5

IV. CONCLUSION ............................................................................................. 7

## I. INTRODUCTION AND REQUEST

By this motion under Fed. R. App. P. 27(a)(1), Plaintiff-Appellant/Cross-Appellee Cheri Poe ("Ms. Poe") asks the Court to treat this appeal as related to two others, *Farley v. Lincoln Benefit*, No. 23-16224, and *Small v. Allianz Life*, No. 23-55821, for purposes of assignment to an oral argument calendar. Consolidation is not sought—only that the three cases be argued together, with the usual time allotments given to each case if argued separately. Together, the three appeals present a range of common issues that warrant hearing and decision by the same merits panel. This will avoid inconsistent results and provide guidance for other similar cases.

## II. BACKGROUND

Beginning several years ago, many California life insurance companies were sued for alleged violations of California Insurance Code Sections 10113.71 and 10113.72 (the "Statutes"). Many cases involving the Statutes, including Ms. Poe's, were brought as class actions under Fed. R. Civ. P. 23, while others were brought individually. District courts across California have divided on whether a class may be certified under Rule 23.

*See* **Poe** First Brief on Cross-Appeal at 5-10, 42-45 (discussing legal backdrop and some class certification orders issued as of March 2024).[1]

Of this group, along with *Farley* and *Small*, Ms. Poe's appeal is the first to reach the Ninth Circuit on class certification of causes of action grounded on alleged violations of the Statutes. There appear to be no other appeals that currently present the same procedural posture.

As to class certification in this case, Ms. Poe and Defendant-Appellee/Cross-Appellant Northwestern Mutual Life Insurance Company ("Northwestern Mutual") disagree on two central points:

- proper interpretation of the Statutes; and
- whether Ms. Poe's cause of action (for breach of contract) is suitable for class certification under Rule 23(b)(3).

*Compare* **Poe** First Brief on Cross-Appeal at 20-31, 32-45 *with* **Poe** Response Brief and Opening Principal Brief on Cross-Appeal at 8-10, 39-60.

The same overarching questions are presented in the other cases that should be treated as related. In *Farley*, also addressing proper interpretation of the Statutes, the district court granted class certification

---

[1] For convenience, references to briefs use the familiar shorthand with emphasis to distinguish which case.

(of claims for declaratory and injunctive relief) under Rule 23(b)(2). The *Farley* order is now on review under Rule 23(f). *See* **Farley** Principal Brief on Appeal at 9-12; **Farley** AAB at 10-11. In *Small*, also addressing proper interpretation of the Statutes, a different district court granted class certification under Rule 23(b)(2) (of claims for declaratory and injunctive relief) and Rule 23 (b)(3) (breach of contract). The *Small* order is also on review under Rule 23(f). *See* **Small** Principal Brief on Appeal at 17-21; **Small** AAB at 10-13.

These three appeals are on different briefing schedules, with extensions freely allowed to date, but are sufficiently close in time that hearing them together will not cause undue delay. *Farley* and *Small* were accepted for interlocutory appeal on September 28 and 29, 2023, respectively. **Farley** 3-ER-495; **Small** 4-ER-853. Ms. Poe appealed a few weeks later, on October 25, 2023. **Poe** 3-ER-313-15. In all three cases, the parties have identified multiple pending appeals as related, but only Ms. Poe's appeal, as in *Farley* and *Small*, also involves class certification.[2]

---

[2] For the Statements of Related Cases, see **Poe** First Brief on Cross-Appeal at 48; **Poe** Response Brief and Opening Principal Brief on Cross-Appeal at 93; **Farley** Principal Brief on Appeal at 46; **Farley** AAB at 74; **Small** Principal Brief on Appeal at 51; **Small** AAB at 77.

## III. ARGUMENT

Under this Court's Rules, "[w]hen other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time." Cir. R. 34-1 (Advisory Committee Note). The clerk thus has authority to grant motions concerning the timing and circumstances of oral argument. *See* Gen. Orders, Appendix A (subdivisions (31)-(34)). As Ms. Poe seeks, "[p]arties can request by motion that cases be argued together" that "raise the same or similar legal issues." *Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice*, Types of Procedural Motions, ¶ 6:168 (2023).

### A. Related class certification appeals are well suited for oral argument on the same calendar.

Consistent precedent is vital in all areas of law, but especially in class actions given the number of persons potentially affected—the absent or unnamed class members. *See, e.g., Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663-64 (9th Cir. 2022) (*en banc*). Here, including her individual cause of action, Ms. Poe seeks relief on behalf of 82 Northwestern Mutual beneficiaries. *See* **Poe** First Brief on Cross-Appeal at 48. *Farley* involves thousands, possibly tens of thousands,

of class members.  *See* **Farley** AAB at 1, 9, 27, 43-44.  *Small* involves approximately 1,800 class members.  *See* **Small** AAB at 11.

These appeals are therefore of interest not just for the named parties, both plaintiff and defendant, but all persons within the proposed classes awaiting guidance from this Court.  To ensure consistent precedent and outcomes in class actions, hearing all three cases together, before the same merits panel, is a sound way to resolve them.  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 n.3 (9th Cir. 2009) (ordering related appeals calendered together because they "involve[d] similar issues as to the certification of a class").

## B. Additional factors support treating *Poe*, *Farley* and *Small* as related for oral argument and decision.

Unlike *Farley* and *Small*, being heard on interlocutory review, this appeal arises on a fuller record from final judgment.  **Poe** 3-ER-335-36.  For her part, Ms. Poe challenges the denial of class certification before prevailing later on liability.  *See* **Poe** First Brief on Cross-Appeal at 1-3.  Northwestern Mutual has cross-appealed to challenge summary judgment for Ms. Poe on her individual cause of action for breach of contract.  *See* **Poe** Response Brief and Opening Principal Brief on Cross-Appeal at 4-7.  In light of these circumstances, Ms. Poe's appeal and Northwestern Mutual's

cross-appeal present comprehensive briefing on a wide range of issues arising under the Statutes.

In addition, the parties in *Poe*, *Farley* and *Small* are supported by many of the same amici curiae making similar arguments in each case. This highlights the keen interest in these three cases specifically.[3]

Treating the three cases as related for oral argument also makes sense in light of the particular counsel involved. In each case proposed to be related, counsel for the defendant insurers are from the same law firm: Faegre Drinker Biddle & Reath LLP. *See* **Poe** Response Brief and Opening Principal Brief on Cross-Appeal at 92; **Farley** Principal Brief on Appeal at

---

[3] For Ms. Poe, see **Poe** Brief of *Amici Curiae* AARP and AARP Foundation (filed 3/15/24) and **Poe** *Amicus Curiae* Brief of Consumer Attorneys of California (same). For Northwestern Mutual, see **Poe** Brief for *Amici Curiae* Association of California Life and Health Insurance Companies and the American Council of Life Insurers (filed 6/11/24) and **Poe** *Amicus Curiae* Brief of Professor Jason S. Johnson (filed 6/13/24). For Ms. Farley, see **Farley** Brief of *Amici Curiae* AARP and AARP Foundation (filed 4/29/24) and **Farley** *Amicus Curiae* Brief of Consumer Attorneys of California (same). For Lincoln Benefit Life Company, see **Farley** Brief for *Amici Curiae* Association of California Life and Health Insurance Companies and the American Council of Life Insurers (filed 6/16/24) and **Farley** Brief for the Chamber of Commerce of the United States Of America (same). For Ms. Small, see **Small** *Amicus Curiae* Brief of California Advocates for Nursing Home Reform (filed 5/31/24). For Allianz Life Insurance Company of North America, see **Small** Brief *Amicus Curiae* of the American Council of Life Insurers and the Association of California Life and Health Insurance Companies (filed 2/29/24) and **Small** Brief of John Hancock Life Insurance Company (U.S.A.) as *Amicus Curiae* (same).

45; **Small** Principal Brief on Appeal at 50. Likewise, counsel representing plaintiffs Farley and Small are known to Ms. Poe's counsel from years of litigating various cases involving the Statutes.

Determining which appeals to hear together, when there are common legal issues, presents an administrative judgment call for the Court with no right or wrong answer. "Certain areas of jurisprudence," however, "tend to generate a number of cases presenting similar issues within a predictable time-frame," which may cause the Court to "cluster these cases for argument to promote uniformity in its precedent." *Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice*, Setting Cases for Argument, ¶ 9:59 (2023). Here, the presence of class certification as an issue in *Poe*, *Farley* and *Small*, but not in other appeals involving the Statutes, is a logical place to draw the line.

## IV. CONCLUSION

For the reasons given, the appeals in this case, *Farley* and *Small* should be treated as related for purposes of assignment to an oral argument calendar.[4]

---

[4] On the meet and confer, Ms. Poe's counsel contacted counsel for the other parties in all three appeals concerning their position on this motion. Counsel for Defendant-Appellee Northwestern Mutual (in *Poe*, Nos. 23-3124 & 23-3243) advised that his client likely would not be able to provide a substantive response until after reviewing the filed motion. Counsel for

Dated: June 18, 2024　　　　Respectfully submitted,

　　　　　　　　　　　　　　HAGENS BERMAN SOBOL SHAPIRO LLP

　　　　　　　　　　　　　　By */s/ Steve W. Berman*
　　　　　　　　　　　　　　　　　Steve W. Berman

　　　　　　　　　　　　　　1301 Second Avenue, Suite 2000
　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　Telephone: (206) 623-7292
　　　　　　　　　　　　　　steve@hbsslaw.com

　　　　　　　　　　　　　　Christopher R. Pitoun
　　　　　　　　　　　　　　Abigail D. Pershing
　　　　　　　　　　　　　　HAGENS BERMAN SOBOL SHAPIRO LLP
　　　　　　　　　　　　　　301 N. Lake Avenue, Suite 920
　　　　　　　　　　　　　　Pasadena, CA 91101
　　　　　　　　　　　　　　Telephone: (213) 330-7150
　　　　　　　　　　　　　　christopherp@hbsslaw.com
　　　　　　　　　　　　　　abigailp@hbsslaw.com

　　　　　　　　　　　　　　Kevin K. Green
　　　　　　　　　　　　　　HAGENS BERMAN SOBOL SHAPIRO LLP
　　　　　　　　　　　　　　533 F Street, Suite 207
　　　　　　　　　　　　　　San Diego, CA 92101
　　　　　　　　　　　　　　Telephone: (619) 929-3340
　　　　　　　　　　　　　　keving@hbsslaw.com

---

Defendant-Appellant Lincoln Benefit Life Company (in *Farley*, No. 23-16224) advised that Lincoln Benefit opposes Ms. Poe's request. No other parties responded with a position.

David S. Klevatt
Laura Parry
KLEVATT & ASSOCIATES, LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601-1604
Telephone: (312) 782-9090
david@insurancelawyer.com
lparry@chicagolaw.biz

Joseph M. Vanek
Mitchell H. Macknin
John P. Bjork
Daniel A. Shmikler
SPERLING & SLATER, LLC
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
jvanek@sperling-law.com
mhmacknin@sperling-law.com
jbjork@sperling-law.com
dshmikler@sperling-law.com

*Counsel for Plaintiff-Appellant/Cross-Appellee Cheri Poe*

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,549 words, including 0 words manually counted in any visual images.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Georgia 14-point font.

Dated: June 18, 2024

> */s/ Steve W. Berman*
> Steve W. Berman